## William R. Jaques v. Henry Esler, Jeremiah S. Bruce and Oliver Vanderbilt.

The purchaser of real estate by deed of warranty, has a right to relief in equity against the vendor, who seeks to enforce the payment of a bond and mortgage given for the purchase money, until a suit actually brought to recover the premises by a person claiming them by a paramount title, shall have been determined.

And the rule applies, whether the purchaser had notice of the outstanding claim or not.

And the assignee of the bond and mortgage takes them subject to the same equity.

The ground upon which the equity existing between the obligor and obligee passes to the assignee, is, that the assignee may, before taking the assignment, learn from the obligor whether there be any set off or objection to the bond.

If the obligor mislead the assignee, or gives assurance of payment notwithstanding the existence of the suit for the premises, he has waived his equitable right to withhold the money until the suits are determined.

This was a motion to dissolve an injunction, granted upon the filing of the complainant's bill, to restrain the defendants,

39*

[Jaques v. Esler et, al.]

Esler and Bruce, from proceeding at law to recover a bond given by the complainant. The material facts of the case, and the grounds relied on for a dissolution of the injunction, are stated in the chancellor's opinion.

*Ryall,* for the defendants, Esler and Bruce, in support of the motion.

*J. F. Randolph,* contra.

THE CHANCELLOR. The complainant, in his bill, alleges that on or about the twelfth November, eighteen hundred and forty-one, he purchased a lot of land at Key Port, in the county of Monmouth, of the defendant, Vanderbilt, who conveyed to him by deed, with the usual covenants of seizin and warranty; and to secure a part of the purchase money, executed a bond and mortgage upon the premises, and that he afterwards paid to Vanderbilt one of the installments of the bond.

That an action of ejectment has been brought against him, by persons claiming the premises by a paramount title; and that a bill in equity has also been filed against him by the same persons, to set aside a conveyance, under which Vanderbilt claimed the premises.

That the defendants, Esler and Bruce, became assignees of the bond and mortgage after he had informed them of the consideration thereof, and that he would not pay the amount due thereon, unless he were indemnified against the outstanding claim to the land; and that they have prosecuted him at law upon the bond, and filed a bill in equity to foreclose the mortgage.

Upon this statement of facts, an injunction was very properly granted, to restrain the defendants from proceeding in their suits upon the bond and mortgage. For it is well settled, that the purchaser of real estate by deed of warranty, has a right to relief in equity against the vendor, who seeks to enforce the payment of a bond and mortgage, given for the purchase money,

until a suit actually brought to recover the premises, by a person claiming them by paramount title shall have been determined. He is not obliged to look merely to the covenants in the deed; he is not to be driven to such circuity of action, nor to rely upon that as his only security. The fund in his hands is a security, of which it would be inequitable to deprive him.

And this rule applies whether the purchaser had notice of the outstanding claim or not. Indeed, in practice, it not unfrequently happens, that notice of such claim induces the purchaser to require a covenant against it. *Tourville* v. *Naish*, 3 *P. Wms.* 306; *Johnson et al.* v. *Gere*, 2 *John. C. R.* 546; *Shannon* v. *Marselis et al., Saxton*, 425; *Van Waggoner* v. *McEwen et al.*, 1 *Green's C. R.* 412.

It is equally well settled, that the assignee of a bond and mortgage takes it subject to the same equity that existed in the hands of the original mortgagee.

This is the rule, both at law and in equity. See *Barrow* v. *Bispham*, 6 *Hals.* 116, and the cases there cited by justice Ford, who delivered the opinion of the court. Also, *Shannon* v. *Marselis et al., Saxton*, 425, and the cases there cited by chancellor Vroom.

But the defendants, Esler and Bruce, upon whom is the gravamen of the charge, by their answer wholly deny this equity.

They deny that the complainant, before the assignment of the bond and mortgage, told them that he would not pay the money due on them, unless indemnified against the outstanding claims. On the contrary, they allege that one of them, before taking the assignment, called upon the complainant to know if there were any objection to the payment, and that they wished to know before taking the assignment, and that they would not take it unless the money were safe, and would be paid when due. And that the reply of the complainant was direct, that they had better take the assignment, that he would pay the bond and mortgage when they became due, in whose hands soever they might be.

[Jaques v. Esler et al.]

And they say that in consequence of this promise, the defendants, Esler and Bruce, took the assignment of the bond and mortgage for a full and valuable consideration, by them allowed to Vanderbilt in the settlement of their account with him. That they afterwards, and after the last payment became due, called upon the complainant for the money, and were then for the first time, informed by him, that difficulties existed about the title to the land, and that he had not been able to get money to pay off the bond and mortgage, but that he would pay them off if he could borrow the money. Soon afterwards, one of the defendants called upon the complainant at Key Port, and was there informed by him that in consequence of the suits pending for the land, the person of whom he expected to borrow the money, would not lend it, and the complainant, then, for the first time, told the defendant that unless he was indemnified by Vanderbilt against those suits, he would not pay the money, and the defendant replied, that if he had known that such difficulties would have been made, they would have had nothing to do with the bond and mortgage, but would have made some other arrangement with Vanderbilt.

The ground upon which the equity existing between the obligor and obligee passes to the assignee is, that the assignee may, before taking the assignment, go to the obligor and learn whether there is any set off or objection to the bond.

In this case, the assignees have used all due diligence; they made the proper inquiry, and were governed by the answer.

If the obligor misled them, or gave assurance of payment, notwithstanding the existence of the suit for the premises, he has waived his equitable right to withhold the money until the suits are determined.

He has removed the equity himself, and should not seek to have it restored. He made a promise upon which the defendants relied, and he should not complain that they now ask him to fulfill it.

It is true, the allegations of the bill and those of the answer are directly at variance; but the allegtions of the answer are

[Jaques v. Esler et al.]

responsive to the bill, and on the motion to dissolve the injunc-tion, it must prevail.

Let the injunction be dissolved, with costs.

Order accordingly.